IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                        PLAINTIFF

VS.                         CRIMINAL CASE NO. 2010-50010-001

VERNELL R. CONLEY                                                                DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On August 18, 2025, Defendant Vernell R. Conley filed a Letter/Motion to Modify Sentence (ECF No. 22), asking that his 2010 federal sentence run concurrent with his Arkansas sentence, a sentence Defendant is currently serving.

On February 3, 2010, Defendant was charged in federal court with one count of possessing, on November 6, 2009, a falsely made, forged and counterfeited Federal Reserve Note, namely a counterfeit $100 bill. (ECF No. 1). Because Defendant was in the custody of the Washington County Detention Center when this federal charge arose, U.S. Magistrate Judge Marschewski signed an Order for Writ of Habeas Corpus Ad Prosequendum for Defendant to appear in federal court. (ECF No. 2). Defendant was arrested on February 9, 2010, and arraigned by U.S. Magistrate Judge Erin Setser (Weidemann) on February 11, 2010. The Federal Public Defender was appointed to represent Defendant. (ECF Nos. 3-5).

On April 12, 2010, Defendant pled guilty to the federal counterfeit charge, and on July 23, 2010, Defendant was sentenced by U.S. District Judge Jimm Larry Hendren to thirty-three (33) months in the Bureau of Prisons. (ECF Nos. 18-21). Judge Hendren's sentencing Judgment was silent regarding whether Defendant's federal sentence would be concurrent with, or consecutive to,

Defendant's (not yet imposed) state sentences. (ECF. No. 21). While Defendant's state court convictions in CR-2006-138-1 (for delivery of crack cocaine) and CR-2005-1141 (for delivery of a controlled substance) were mentioned in Paragraphs 31 and 32 of the U.S. Probation Office's Presentence Investigation Report (ECF No. 19), the underlying conduct was not related and/or relevant to the federal charges. There is no indication Judge Hendren was even aware of Defendant's new criminal cases in Washington County Circuit Court. Because the Judgment did not clearly state that Defendant's federal sentence was to be served concurrently with any other judgment, the federal sentence imposed was consecutive to Defendant's state sentences. *See* 18 U.S.C. § 3584(a). Defendant returned to state custody, and as of July 23, 2010, was incarcerated in the Cummins Unit of the Arkansas Department of Corrections ("ADC") in Grady, Arkansas.

Defendant subsequently appeared in the Circuit Court of Washington County on September 3, 2010, for sentencing on state criminal charges that arose on or about September 15, 2009 (CR 2009-2046-1, Offense #1, delivery of crack cocaine); on November 6, 2009 (CR 2009-2046-1, Offense #2, possession of controlled substance, 2nd offense, marijuana and CR 2009-2046-1, Offense #3, possession of drug paraphernalia); and related to a suspended sentence (CR 2006-138-1, Offense #4, delivery of crack cocaine). The sentence imposed by Washington County Circuit Judge William Storey was 1,164 months in ADC, and the sentencing documents more particularly described that "Offenses 2 and 3 run consecutively to Offense 1 and Offense 4 is to run consecutively to Offenses 1, 2 and 3." No jail time credit was awarded to Defendant.

Post-conviction, Defendant appealed his state court judgment and the Arkansas Supreme Court granted Defendant partial relief but affirmed remaining aspects of his case. Charges of possession of a controlled substance and possession of drug paraphernalia were dismissed. *See Vernell R. Conley v. State of Arkansas*, CR-13-21, April 17, 2014. On April 10, 2023, an Amended

Judgment was entered in Defendant's state court case, reflecting that the Supreme Court's decision resulted in a lower sentence of 804 months incarceration in the ADC.

Defendant requested that Federal Public Defender James Pierce look into the undisputed circumstance that Defendant has not yet commenced serving his federal sentence. In February 2024, Mr. Pierce advised Defendant that he must complete his state sentence before his federal sentence would commence, and that because Defendant's state charges were not arising out of, related to and/or relevant conduct to the federal charges, his federal sentence would not run concurrent with the state sentence. Defendant now seeks this relief from the Court.

At all relevant time, Defendant has remained in the primary jurisdiction of the State of Arkansas. Pursuant to the doctrine of primary jurisdiction, service of a federal sentence generally commences when the United States takes primary jurisdiction and a prisoner is presented to serve his federal sentence, not when the United States merely takes physical custody of a prisoner who is subject to another sovereign's primary jurisdiction. *See United States v. Hayes,* 535 F.3d 907, 909–10 (8th Cir.2008); *see also* 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."). The first sovereign to take physical custody of a defendant retains "primary jurisdiction" until releasing that jurisdiction. *See United States v. Cole,* 416 F.3d 894, 897 (8th Cir.2005) ("As between the state and federal sovereigns, primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person."). "Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: 1) release on bail, 2) dismissal of charges, 3) parole, or 4) expiration of sentence." *Id.*

When the United States obtained physical custody of Defendant based upon the 2010 writ

of habeas corpus ad prosequendum, the transfer of physical control over Defendant's custody from Arkansas to the United States did not terminate Arkansas's primary jurisdiction. *See Hayes,* 535 F.3d at 910 (federal sentence did not commence during or after the period of writ of habeas corpus prosequendum, but rather after service of state sentence). Rather, Defendant remained subject to Arkansas's primary jurisdiction. So, as a preliminary matter, Defendant has never been in federal custody to commence serving his federal sentence despite its imposition in 2010.

Pursuant to 18 U.S.C. § 3584(a), "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Defendant's state and federal sentences were, in fact, imposed at different times, and here, Judge Hendren did not "order[ ] that the terms are to run concurrently." *Id*. Accordingly, based only upon the plain language of § 3584(a), it would appear that Defendant's federal sentence must run consecutive to his state sentence which has not yet been completed. And although Defendant does not specifically argue for resentencing under U.S.S.G. § 5G1.3, *United States v. Mayotte*, 249 F.3d 797, 798–99 (8th Cir. 2001) (per curiam) or *Setser v. United States,* 566 U.S. 231 (2012), the undersigned finds they afford him no relief. While the counterfeit currency was discovered during November 2009 searches of Defendant and his residence (which turned up 111 counterfeit one hundred dollar bills) and followed an earlier September 15, 2009 controlled purchase of crack cocaine from Defendant, the undersigned cannot now re-characterize the counterfeit currency as arising out of and/or relevant to the to earlier drug buy conducted by the Fourth Judicial Drug Task Force. It is recommended that Defendant's Motion to Modify Sentence be **DENIED.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

      **RECOMMENDED** this 24th day of November 2025.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE